## Quigg *v.* Quigg, Appellant.

Argued March 19, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Samuel B. Brenner,* with him *Nathan I. Raiken,* and *Brenner and Brenner,* for appellant.

*Russell C. Dilks,* for appellee.

OPINION BY ERVIN, J., April 14, 1964:

In this action in divorce a.v.m. brought by husband-plaintiff against the wife-defendant on the ground of indignities to the person, the master recommended that the complaint be dismissed and the court below sustained exceptions to the master's report and decreed a divorce a.v.m. The wife-defendant has taken this appeal.

A reading of the record convinces us that the wife not only called the husband many vile names (which need not be repeated in this opinion) but also falsely accused him of infidelity without any justification for such accusation. This conduct continued over a long period of time and was almost constant. The husband proved his case by his own testimony and by the testimony of the wife's nephew, Charles Francis Donnelly, who had lived with the parties for approximately twelve years.

The wife admitted that she frequently started arguments and called the husband vile names and also accused him of infidelity, but in defense stated that her conduct was in jest or provoked by the conduct of her husband. A reading of the record fails to convince us that her conduct was in jest and we do not believe that the husband provoked the course of conduct indulged in by the wife. While it is true that the husband was a truck driver and the wife a waitress, "normal sensibilities will be presumed in the absence of evidence to the contrary." Freedman, Law of Marriage and Divorce, 2d ed., §343; *Biskup v. Biskup*, 89 Pa. Superior Ct. 183, 186.

We are also convinced from a reading of the record that the husband was an injured and innocent spouse.

A review of the evidence in detail and a repetition of the well-known principles of law applicable to this case are unnecessary.

Decree affirmed.

WRIGHT, MONTGOMERY and FLOOD, JJ., would reverse and dismiss the complaint, as recommended by the master.